NOT FOR PUBLICATION (Doc. No. 5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOMINIQUE BRIGGS, | |
| Plaintiff, | Civil No. 14-7165 (RBK/JS) |
| v. | **OPINION** |
| TARGET CORPORATION, | |
| Defendant. | |

**KUGLER,** United States District Judge:

This matter comes before the Court on the motion of Dominique Briggs ("Plaintiff") to remand this case to the Superior Court of New Jersey, Burlington County. (Doc. No. 5). Defendant Target Corporation ("Defendant") removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff concedes that the parties are citizens of different states, but argues that the amount in controversy does not exceed $75,000, and therefore this Court does not have jurisdiction over the case. For the reasons discussed herein, Plaintiff's motion is denied.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff visited the Target store located at 4004 U.S. 130 North, Delran, New Jersey, on August 23, 2013. (Ex. A to Def.'s Notice of Removal ("NOR"), Complaint ("Compl.") ¶ 4.) During her shopping trip, Plaintiff walked by the refrigerator department and slipped on water that she alleges had been "continuously leaking" from a refrigerator unit. (Compl. ¶ 5.) As she

1

fell, Plaintiff split her legs and then hit her left knee on the floor, injuring her kneecap in the process.  (Compl. ¶ 8.)  Plaintiff immediately sought medical treatment from Lourdes Medical Center of Burlington, New Jersey ("Lourdes"), which included X-rays and emergency treatment.  (Compl. ¶ 9.)  Her medical bill from Lourdes, dated August 23, 2013, totaled $1,392.20.  (Compl. ¶ 14; Ex. 1 to Compl.)  Plaintiff next had an MRI of her knee taken at Virtua Memorial Hospital, and then met with Southern Jersey Medical and Lourdes Medical Associates for follow up consultations.  (Compl. ¶ 9.)  Plaintiff subsequently received rehabilitation therapy and treatment at Virtua Rehabilitation over the course of several months.  (Compl. ¶ 10.)  Plaintiff states she incurred substantial medical expenses and debts from these treatments.  (Compl. ¶¶ 15-17.)

Plaintiff alleges in her Complaint that as a result of Defendant's negligence, she suffered from "serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress," and "loss of the enjoyment of life for the last year in school."  (Compl. ¶ 20.)  Specifically, she alleges the pain caused her limitations in life activities including participating in sports at school and working at her job.  (Compl. ¶ 11.)  Plaintiff further alleges that her injuries caused her difficulties in raising her young daughter, and that she gained roughly fifty pounds due to immobility caused by her injuries.  (Compl. ¶ 12.)  She also contends she "will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering."  (Compl. ¶ 20.)  As such, Plaintiff demands damages for "lost earnings, loss of enjoyment, cost of losing the weight gained due to the injury by going to a facility, costs of suit, and for such legal and equitable relief that the court feels is just and proper."  (Compl. ¶ 21.)

Plaintiff filed her Complaint in the Superior Court of New Jersey, Burlington County, on September 22, 2014.  (NOR ¶ 2.)  On November 14, 2014, Defendant filed a Notice of Removal and removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Doc. No. 1).  Plaintiff is a citizen of New Jersey, and Defendant is a citizen of Minnesota, as it is incorporated and has its principal place of business in that state.  (NOR ¶¶ 7-8.)  Although Plaintiff's Complaint did not contain a specified figure, Defendant alleges that the amount in controversy exceeds $75,000 based on the total cost of Plaintiff's medical care and compensatory damages sought.  (NOR ¶¶ 6, 9.)  Plaintiff now moves before this Court to remand this matter back to the Superior Court of New Jersey.

## II.     LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution.  Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).  Congress has authorized federal subject matter jurisdiction in civil suits where the amount "in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States."  28 U.S.C. § 1332(a).  The statutory requirement that parties be citizens of different states means that complete diversity must exist; if any two adverse parties are co-citizens, there is no jurisdiction.  See Strawbridge v. Curtiss, 7 U.S. 267 (1806); State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 531 (1967).  When a corporation is a party, it "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business . . . ."  28 U.S.C. 1332(c)(1).  The parties here are completely diverse, so subject matter jurisdiction turns on whether the amount in controversy exceeds $75,000.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See id. ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.")

The Third Circuit has provided a "roadmap" for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000. See Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007). First, if the parties dispute jurisdictional facts, the party carrying the burden of proof must establish federal jurisdiction by a preponderance of the evidence. Id. at 194 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)). Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." McNutt, 298 U.S. at 189.

Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty." Frederico, 507 F.3d at 196. The legal certainty test has two alternative strands. Id. If the complaint "specifically avers that the amount sought is less than

the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount."  Id. at 196-97 (relying on Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006)).  A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" shall not exceed the jurisdictional minimum.  Id. at 196.  Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Id. at 197 (emphasis in original) (relying on Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004)).

### III.  DISCUSSION

#### A.  Amount in Controversy

Plaintiff argues that Defendant failed to meet the diversity requirements of 28 U.S.C. § 1332(a) because the amount in controversy standard has not been met.  Pl. Br. 3-7.  Since the only evidence of injuries Plaintiff provided was a bill for $1,392.20, she contends that Defendant has offered nothing more than speculation that the jurisdictional amount has been met.  Pl. Br. 6.  In addition, Plaintiff asserts that Defendant premised its removal solely on Plaintiff's refusal to cap damages at $75,000.  Pl. Br. 5-7; NOR ¶ 9.  Thus, Plaintiff argues that Defendant failed to meet its burden of proof to show that the case is properly in federal court by a preponderance of the evidence.  Pl. Br. 3 (citing Washington v. Hovensa LLC, 652 F.3d 340, 345 (3d Cir. 2011)).

This Court has held that the preponderance of the evidence standard only applies when the facts underlying the jurisdictional amount are in dispute.  See Zanger v. Bank of Am., N.A., No. 10-2480, 2010 WL 3910142, at *3 (D.N.J. Oct. 1, 2010).  This case does not present a dispute regarding jurisdictional facts, as Defendant's Notice of Removal is premised entirely on

Plaintiff's factual allegations and legal claims.  Defendant does not dispute that Plaintiff incurred medical bills totaling $1,392.20 from Lourdes, that she suffered serious and painful injuries, and that she experienced disruptions to her life because of these injuries.  Def. Br. 5-6.

Furthermore, Plaintiff has not "specifically averred" in her Complaint that the amount in controversy is less than the jurisdictional amount.  According to Plaintiff, "Plaintiff is not stating that its case is not or cannot be worth in excess of $75,000, exclusive of interests and costs, but rather that at this early stage in litigation, Plaintiff is still determining the total value of the injuries she has suffered."  Pl. Br. 4.  Regardless of the reason, since Plaintiff has not provided a specific amount, this case must be remanded if it appears to a "legal certainty" that Plaintiff cannot recover the jurisdictional amount.  Frederico, 507 F.3d at 197.

A fair reading of Defendant's Notice of Removal shows that Defendant did not merely premise removal on Plaintiff's decision not to cap damages.  Rather, the removal is based on the totality of injuries alleged by Plaintiff, including the great physical pain, loss of enjoyment of life, weight gain, limitations on work, "substantial medical expenses" and "debts" for her multiple hospital visits, and required future medical treatment.  NOR ¶ 9; Compl. ¶¶ 11-12, 15-17, 20.  Based on the enumerated claims, we cannot say to a "legal certainty" that Plaintiff could not recover in excess of $75,000.

In Fields v. Zubkov, No. 08-2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008), the court held that personal injury cases alleging "severe and permanent" injuries will be removable, and that "to remand the case, plaintiff has the onerous task of proving to a legal certainty that the amount in controversy could not exceed $75,000.  Thus, most removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit."  Likewise, in Avant v. J.C. Penny, No. 07-1997,

2007 WL 1791621, at *2 (D.N.J. June 19, 2007), the court held that it will "generally not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000." The court found that the plaintiff's failure to cap damages at $75,000 "evinces her own belief that she may be entitled to compensation over the jurisdictional amount." Id.  The Avant court further recognized that "the District of New Jersey has found that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000." Id. at *2 n.3 (citing Garafolo v. Medtronic, Inc., No. 97-1655, 1997 WL 1049566, at *4 (D.N.J. June 17, 1997)).  Lastly, in Clark v. J.C. Penny, No. 08-4083, 2009 WL 1564175, at *3-4 (D.N.J. June 1, 2009), the court denied a motion for remand in a slip and fall personal injury claim, finding that where the plaintiff alleged compensatory damages for severe and permanent injuries, medical expenses, and loss of earnings, it could not be said to a legal certainty that the plaintiff could not meet the amount in controversy.

These cases are directly on point regarding this current matter, as Plaintiff alleges injuries in her Complaint from a slip and fall accident including "serious, painful and permanent bodily injuries," "great physical pain and mental anguish," and "substantial medical expenses." Compl. ¶¶ 15, 20.  Furthermore, Plaintiff's decision not to cap damages at $75,000 is indicative of Plaintiff's recognition that her damages may exceed $75,000.  Thus, based on the totality of the alleged injuries contained in Plaintiff's Complaint, as well as her failure to cap damages at $75,000, we cannot say to a legal certainty that she could not recover the amount in controversy.  Thus, the case need not be remanded to state court.

### B. Attorney Fees

Plaintiff demands attorney fees on the basis that "Defendant's frivolous and premature filing for removal has cost this court and Plaintiff undue expense and time."  Pl. Br. 7.  28 U.S.C.

§ 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because this Court finds that removal was proper, Plaintiff's request for attorney fees will be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this matter to state court is DENIED. An appropriate order shall issue.


Dated:  3/13/2015                                            s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge